

**FILED**

APR 0 9 2008

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW P. FULLER, | ) | CIV 05-4191-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JEFF BLOOMBERG, Secretary of | ) | |
| Corrections; DOUG WEBER, Warden, | ) | |
| SDSP; OWEN SPURRELL, Associate | ) | |
| Warden, SDSP; ROBERT RAE, Unit | ) | |
| Manager, SDSP; DR. REGIER, fnu, SDDH; | ) | |
| PA ZIKE, fnu Physician Assistant, SDDH; | ) | |
| CORRECTIONAL OFFICER SUMMERS, | ) | |
| fnu, Correctional Officer, SDSP; | ) | |
| CORRECTION OFFICIAL JOHNSON, | ) | |
| fnu, SDSP; MARY BURGGRAAF, | ) | |
| Administrative Remedy Coordinator, | ) | |
| SDSP; JUSTIN, fnu, Mental Health | ) | |
| Therapist, SDSP; GLEN DEAN, SDSP; | ) | |
| TRACY SUMMERS, nurse, SDDH; | ) | |
| COUNSELOR DAUGHTERS, fnu, | ) | |
| Corrections Counselor, SDSP; | ) | |
| JOHN/JANE DOE 1, Correctional | ) | |
| Officials, SDSP; JOHN/JANE DOE 2, | ) | |
| Medical Officials, SDDH, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff alleges that his constitutional rights were violated when officials interfered with his incoming mail. Defendants move for dismissal. Upon review of the record, the Court finds that this action should be dismissed.

## BACKGROUND

Plaintiff alleges that officials improperly withheld two pieces of mail, each containing 50 pages or more of copied material. It is the policy of the South Dakota State Penitentiary (SDSP) that inmates may not receive mail containing 50 pages or more of copied material. When plaintiff requested that officials forward the correspondence to his attorney, the request was refused as such correspondence was not considered legal mail which could be shipped at the expense of the State. Plaintiff does not specify in his complaint that he seeks relief regarding this incident. Nonetheless, the Eighth Circuit found that plaintiff had presented a claim upon which relief may be granted.

Defendants move to dismiss the complaint. Plaintiff has not responded. The record reflects, however, that plaintiff has been served with defendants' motion in his current location at the United States Penitentiary in Atlanta, Georgia. The time for response has lapsed and the motion to dismiss is ripe.

## DISCUSSION

When reviewing a motion to dismiss for failure to state a claim, the Court must accept "as true all factual allegations in the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 (8th Cir. 2003) (citing Parkhill v. Minn. Mut. Life Ins. Co., 286 F.3d 1051, 1058 (8th Cir. 2002)). "A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Mattes, 323 F.3d at 698 (citing Conley v. Gibson, 355 U.S. 41, 45-

46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Defendants first contend that plaintiff does not allege that Owen Spurrell, Robert Rae, Dr. Regier, PA Zike, Correctional Officer Summers, Correction Official Johnson, Mary Burgraff, "Justin," Tracy Summers, or Counselor Daughters were personally involved in this alleged violation of his constitutional rights.  The Eighth Circuit has held that even a pro se plaintiff must allege facts that demonstrate the defendant's personal involvement or direct responsibility for the alleged violations.  See Martin v. Sargent, 780 F.2d 1334, 1337-38 (8th Cir. 1985).  Plaintiff has not alleged any facts that would require the Court to hold these defendants liable.  As a result, these defendants shall be dismissed.

Defendants further allege that the remaining defendants, Glen Dean, Douglas Weber, Jeff Bloomberg, and other unknown officials employed by SDSP should be dismissed from this action. First, the Court notes that plaintiff has chosen to sue these defendants in their official capacity.  The Eighth Circuit has held that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."  Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citations omitted).  Plaintiff has not expressly stated that he wishes to sue the remaining defendants in their individual capacities, and therefore, these defendants are sued only in their official capacities.  Plaintiff, however, is barred from suing these individuals in their official capacities.  Actions against state

officials in their official capacities is the same as a suit against the State itself. See <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). As the State has not waived immunity and consented to suit, an action seeking damages against individuals in their official capacities is "barred, either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes." <u>Murphy v. State of Ark.</u>, 127 F.3d 750, (8th Cir. 1997) (citing <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). Here, plaintiff has not set forth that he is seeking injunctive relief. Rather, the closest he comes to requesting relief for this alleged violation is when he states that he seeks "[a]ward of compensatory damages for the Defendants' deliberate indifference to the Plaintiff's health, both physical and psychological, by refusing to provide Plaintiff with information about HCV. . . ." As stated previously, such relief is not available. Accordingly, it is hereby

ORDERED that defendants' motion to dismiss (Docket #45) is granted.

Dated this 9th day of April, 2008.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE